[775 NYS2d 521]

In the Matter of LEE M. MAGER (Admitted as LEE MARTIN MAGER), a Suspended Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, April 29, 2004

**APPEARANCES OF COUNSEL**

*Thomas J. Cahill* (*Mady J. Edelstein* of counsel), for petitioner.
*Ramon Pagan* for respondent.

**OPINION OF THE COURT**

Per Curiam.

Respondent Lee Martin Mager was admitted to the practice of law in the State of New York by the First Judicial Department on June 19, 1978. At all times relevant to this proceeding he has maintained an office for the practice of law within the First Department.

The Departmental Disciplinary Committee now seeks an order withdrawing its pending motion to disbar respondent and, pursuant to 22 NYCRR 603.11, accepting respondent's resignation and striking his name from the roll of attorneys, effective as of the date of his affidavit of resignation, February 12, 2004. In accordance with the requirements of 22 NYCRR 603.11, respondent states in his affidavit that he submits his resignation freely and voluntarily, that he is not being subjected to coercion or duress, and that he is fully aware of the implications of submitting his resignation.

Respondent states that the pending motion to disbar is based upon his failure to comply with this Court's order of continued suspension for noncooperation entered February 7, 2002 (*Matter of Mager*, 291 AD2d 252 [2002]) and acknowledges that he cannot successfully defend himself against the motion. He acknowledges that he cannot successfully defend himself against charges based on the five matters underlying his suspension, namely, neglect of a personal injury matter, neglect of a foreclosure action, failure to pay taxes on an estate although the funds were provided by the executor, failure to account for settlement proceeds, and a dishonored IOLA check for $12,264 (*Matter of Mager*, 282 AD2d 88 [2001]). Respondent also acknowledges that he could not successfully defend himself against a charge based on a more recent complaint of failure to satisfy a client's judgment against him for $15,935.38.

Respondent acknowledges that he is obligated to make restitution to the Lawyers' Fund for Client Protection for its payment of a claim made against him in the estate matter in the sum of $45,480 and for payment by the Fund of any future claims, including a pending claim for the aforementioned $15,935 judgment. He states that he consents to the entry of judgment ordering such restitution.

Accordingly, the Committee's motion to withdraw its motion to disbar should be granted, and respondent's resignation should be accepted and his name stricken from the roll of attorneys in the State of New York, effective nunc pro tunc to February 12,

2004. Respondent is ordered to reimburse the Lawyers' Fund for Client Protection for the award it has made in the amount of $45,480 and for any awards it makes in the future on other claims arising from his misconduct (Judiciary Law § 90 [6-a]).

BUCKLEY, P.J., SAXE, ELLERIN, LERNER and FRIEDMAN, JJ., concur.

Motion to disbar respondent deemed withdrawn. Respondent's name stricken from the roll of attorneys and counselors-at-law in the State of New York, effective nunc pro tunc to February 12, 2004. Respondent directed to reimburse the Lawyers' Fund for Client Protection $45,480, and for any awards it makes in the future on other claims arising from respondent's misconduct.